IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMERA L. HANSON,

        Plaintiff,

v.

CRAYLON HANSON, JENNIFER
GRANT, TED GROVE, STEVEN
REEDER, DAVID B. HERR,
MARSHA L. MCDONOUGH, MARY T.
O'HANLON, STEPHEN PETERSEN,
CHARLES WARDLE, ST. HELENS
FEDERAL CREDIT UNION, SLOAN
NELSON, RALPH PAINTER,
R. LARSON,

        Defendants.

09-CV-418-BR

OPINION AND ORDER

**TAMERA L. HANSON**
P.O. Box 273
Rainier, OR 97048
(503) 369-7920

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

IT IS HEREBY ORDERED that the provisional *in forma pauperis* status given Plaintiff Tamera L. Hanson is confirmed.  For the reasons set forth below, however, the Court dismisses Plaintiff's Complaint without service of process on the ground that Plaintiff fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff brings this action *pro se*.  Plaintiff alleges

> Return my house.  Custody of son.  Replace stolen funds.  Continue medical treatment for me and my son.  Repair my credit rating by paying bills that were ignored.  Permanent restraining order against Craylon Hanson.  Stop delaying my divorce <u>and</u> grant it.  Have Craylon Hanson for drug abuse.  Have people that lied in court and on police reports, convicted and sentenced.  Provide funds to live on and restate my business, and finish my college education.

## DISCUSSION

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court may dismiss *sua sponte* matters over which it does not have jurisdiction.  *Zavala v. Mukasey*, No. 07-73381, 2007 WL 4515209, at *1 (9th Cir. Dec. 21, 2007).

Federal courts are courts of limited jurisdiction and are

not empowered to hear every dispute presented by litigants.  *See A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). "[District courts] are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005).

"[F]ederal district courts have no jurisdiction over divorce or child custody issues, which are exclusively matters of state law."  *Driggers v. Idaho Dept. of Health & Welfare*, No. CV08-116-N-BLW, 2008 WL 2095683, at *1 (D. Idaho May 16, 2008) (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)).

Plaintiff's claims appear to arise out of her divorce and child-custody proceedings in Columbia County Circuit Court.  As noted this Court lacks subject-matter jurisdiction over claims of this nature.  Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject-matter jurisdiction.

Because Plaintiff is proceeding *pro se*, however, the Court grants Plaintiff leave to file an Amended Complaint no later than May 15, 2009, for the purpose to alleging facts that establish

3 - OPINION AND ORDER

this Court has subject-matter jurisdiction.  The Court advises

Plaintiff, however, that

> a federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).  "This rule applies even [when] . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights."  *Id.* at 486 (internal citation omitted). Therefore, Plaintiff cannot challenge the custody and visitation decisions made by the state courts in this Court.

*Id*. at *4.


## **CONCLUSION**

For these reasons, the Court **DISMISSES** Plaintiff's Complaint for lack of jurisdiction.  The Court, however, grants Plaintiff leave to amend her Complaint no later than May 15, 2009, for the purpose to alleging facts that establish this Court has subject-matter jurisdiction.  If Plaintiff does not file an amended complaint consistent with this Opinion and Order that cures the noted deficiencies, the Court will enter a judgment of dismissal. The Court also notes Plaintiff may, in lieu of an amended complaint, move to voluntarily dismiss this action without

prejudice.

    IT IS SO ORDERED.

    DATED this 24th day of April, 2009.

                                     /s/ Anna J. Brown

                                     ANNA J. BROWN
                                     United States District Judge

5 - OPINION AND ORDER