IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TAMERA L. HANSON,                          09-CV-418-BR

        Plaintiff,

                                           OPINION AND ORDER
v.

CRAYLON HANSON, JENNIFER
GRANT, TED GROVE, STEVEN
REEDER, DAVID B. HERR,
MARSHA  L. MCDONOUGH, MARY T.
O'HANLON, STEPHEN PETERSEN,
CHARLES WARDLE, ST. HELENS
FEDERAL CREDIT UNION, SLOAN
NELSON, RALPH PAINTER,
R. LARSON,

        Defendants.


TAMERA L. HANSON
P.O. Box 273
Rainier, OR 97048
(503) 369-7920

        Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**BROWN, Judge.**

On April 24, 2009, the Court entered an Opinion and Order dismissing Plaintiff's Complaint without service of process on the ground that Plaintiff had not alleged facts to establish this Court had subject-matter jurisdiction.  The Court, however, granted Plaintiff leave to amend her Complaint no later than May 15, 2009, to cure the deficiencies noted in the Opinion and Order.  The Court advised Plaintiff that if she did not file an amended complaint consistent with the Court's April 24, 2009, Opinion and Order, the Court would enter a judgment of dismissal with prejudice.  The Court also advised Plaintiff that she may, in lieu of an amended complaint, move to voluntarily dismiss this action without prejudice.

On April 30, 2009, Plaintiff filed a document titled "Evidence" that the Court construes as an Amended Complaint.

The Court finds Plaintiff's Amended Complaint does not cure the deficiencies noted in the April 24, 2009, Opinion and Order. The Amended Complaint attaches approximately 200 pages of documents and information that relate to Plaintiff's divorce and custody proceedings.  As the Court advised Plaintiff in the April 24, 2009, Opinion and Order federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants.  *See A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of

government that a court of the United States may not grant relief
absent a constitutional or valid statutory grant of jurisdiction.
A federal court is presumed to lack jurisdiction in a particular
case unless the contrary affirmatively appears.")(quotations
omitted)).  "[District courts] are courts of limited
jurisdiction.  They possess only that power authorized by
Constitution and statute." *Exxon Mobil Corp. v. Allapattah
Servs., Inc.*, 544 U.S. 280, 289 (2005).

"[F]ederal district courts have no jurisdiction over divorce
or child custody issues, which are exclusively matters of state
law." *Driggers v. Idaho Dept. of Health & Welfare*, No.
CV08-116-N-BLW, 2008 WL 2095683, at *1 (D. Idaho May 16, 2008)
(citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)).  In
addition,

> a federal district court has no jurisdiction "over
> challenges to state-court decisions, in particular
> cases arising out of judicial proceedings, even if
> those challenges allege that the state court's
> action was unconstitutional." *District of
> Columbia Court of Appeals v. Feldman*, 460 U.S.
> 462, 486 (1983).  "This rule applies even [when]
> . . . the challenge is anchored to alleged
> deprivations of federally protected due process
> and equal protection rights." *Id.* at 486
> (internal citation omitted). Therefore, Plaintiff
> cannot challenge the custody and visitation
> decisions made by the state courts in this Court.

*Id*. at *4.

Plaintiff has not alleged facts in her Amended Complaint
that establish this Court has jurisdiction.  Accordingly, the

Court dismisses Plaintiff's Complaint for lack of subject-matter jurisdiction.

<u>**CONCLUSION**</u>

For these reasons, the Court **DISMISSES** this matter for lack of jurisdiction **with prejudice**.

IT IS SO ORDERED.

DATED this 28th day of May, 2009.


          <u>    /s/ Anna J. Brown    </u>
          ANNA J. BROWN
          United States District Judge

4 - OPINION AND ORDER